White v. Zust.

WILLIAM WHITE

v.

CHARLES ZUST and others.

1. The act of a sheriff in adjourning a sale under foreclosure proceedings, is not a judicial act, nor in any way forbidden by the "Act in relation to legal holidays." (P. L. 1876, p. 73.)

2. When the day (not a legal holiday) fixed for the sale of mortgaged premises is afterwards appointed a legal holiday, the sheriff should adjourn the sale. In such case, the advertisement is not rendered invalid.

White v. Zust.

3. Where it appears that the premises were fairly sold, although the price realized was below their value, under the circumstances of this case, such a consideration, of itself, is not sufficient to induce the court to set aside the sale.

4. When the person liable for a decree for deficiency does not appear in the cause, it is the practice, after calculation of the amount, to award execution for the deficiency, without notice of the motion.

Bill to foreclose. Motion to set aside sheriff's sale of mortgaged premises, and to vacate order for *fieri facias* for deficiency.

*Mr. C. E. Scofield*, for the motion.

*Mr. McGill, contra.*

THE CHANCELLOR.

The sale of the mortgaged premises, under the execution in this cause, was advertised to take place on the 30th of November, 1876. When the notices of the sale were set up, no day had been set apart as a day of public thanksgiving in that year, but afterwards the 30th of November was designated as such day. The sheriff, on that day, adjourned the sale to the 28th of December following. The defendant, Zust, who was the owner of the property, was present at the adjournment, and requested that it should be made. Notice of the adjournment was published according to law. On the day last mentioned, Zust and his solicitor attended at the sheriff's office at the time fixed for the sale, and requested another adjournment, which was denied. The property was then put up for sale in the presence of a large number of persons, and was struck off and sold to the complainant for $4,100. The deputy-sheriff swears that there were a great many persons present, and that in every respect the sale was fair, and (for a forced sale) was made under as favorable auspices for Zust as possible. The property is said to be worth about $7,000.

White *v.* Zust.

There are unpaid taxes upon it which, with interest and penalties, amount to about $1,000, and there is an unpaid assessment for street opening, which is a lien upon it.

Mr. Zust applies for an order setting aside the sale, on the ground that it was advertised to take place on a legal holiday, and that it was sold for an inadequate price. The act in "relation to legal holidays" (*P. L.* 1876, p. 73,) declares that the 1st day of January, the 22d day of February, the 30th of May, the 4th day of July, Thanksgiving day, the 25th day of December, and all days upon which any general election shall be held for members of assembly in each year, shall be legal holidays, and that no court shall be held upon those days, except in the cases where it would sit upon the first day of the week, and that no person shall be compelled to labor upon any of those days by any person or corporation. As before stated, when the sheriff set up the notice of sale in this case, the day of public thanksgiving for the year had not been designated. It happened that the day which he had fixed for the sale was subsequently selected as thanksgiving day. The act of the legislature made that day, when appointed, a non-judicial day, except as to such judicial functions as might lawfully be discharged on Sunday. The act of the sheriff in adjourning the sale was not a judicial act, nor was it in any way forbidden by the law. It was eminently proper that he should, seeing that the day fixed for the sale had proved to be a legal holiday, adjourn the sale. The adjournment was for four weeks, and was advertised in the newspapers according to law. The fact that the sale was advertised to take place on a day which, by appointment made after the notices were set up, became a legal holiday, does not invalidate the advertisement.

In *King* v. *Platt*, 37 *N. Y.* 155, a sale of the defendant's property in the city of New York had taken place on a day of the charter election in that city. A statute provided that no court should be opened, or transact any business, in any city or town on the day of elections for other than town or

militia officers. It was insisted that the sale was void. It was held that a judicial sale, though conducted by one of the officers of the court, and under its direction, was not the business of the court within the meaning of the statute. In the case under consideration the property appears to have been fairly sold, and though the price at which it was sold is below its value, that consideration, it is hardly necessary to say, is not of itself, under the circumstances, sufficient to induce the court to set aside the sale. The motion will be denied.

Mr. Zust also moves to set aside the order for *fieri facias* for the deficiency, on the ground that it was made without notice to him. The final decree contained a personal decree against him for deficiency, and provided in the usual way for the issuing of a writ of *fieri facias* against him to enforce it.

He did not appear in the cause. The sheriff's statement showed the amount raised by the sale. According to the practice in such cases, after the necessary simple arithmetical calculation, the award of execution for the amount of the deficiency thus ascertained was made. No notice of the motion was required. The motion to set aside the order and the writ will be denied. The respondent is entitled to costs.